IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOHN M. NICOL, CARRILON P. NICOL,**

      Plaintiffs,

      v.

**WELLS FARGO BANK, N.A., CAL-WESTERN RECONVEYANCE CORPORATION,**

      Defendants.

No.11-cv-1406-SI

OPINION AND ORDER

Jeffrey A. Myers
Bowles Fernandez Law
5200 S.W. Meadows Road, Suite 150
Lake Oswego, Oregon 97025
    Attorney for plaintiffs

Robert J. Bocko
Keesal Young & Logan
1301 Fifth Avenue, Suite 1515
Seattle, Washington 98101
    Attorney for Defendant Wells Fargo Bank

Timothy B. Hering
Dunn Carney Allen Higgins & Tongue
851 S.W. Sixth Avenue, Suite 1500

Opinion and Order, Page 1

Portland, Oregon 97204
    Attorney for Defendant Cal-Western Reconveyance Corporation

**SIMON, District Judge.**

This is an action for damages and to enjoin non-judicial foreclosure proceedings, in which Plaintiffs assert claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.,* violation of the Oregon Unfair Trade Practices Act, Or. Rev. Stat. § 646.605, *et seq.* ("UTPA"), breach of contract, and fraudulent omissions. The action was removed from Multnomah County Circuit Court on November 21, 2011 (Doc. # 1).

The matter before the court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 10). Wells Fargo asserts that Plaintiffs' TILA claim is barred by the statute of limitations and that Plaintiffs' state law claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.,* and its regulations. Wells Fargo also argues that Plaintiff's state law claims fail to state a claim and are untimely. Plaintiffs have not responded to the motion, and Wells Fargo now asks the court to grant the motion on the merits. (Doc. # 16).

**I.    FACTUAL BACKGROUND**

Plaintiffs allege that in June 2004, they obtained a loan from World Savings Bank FSB ("World Savings")[1] in the amount of $105,000 to refinance an existing loan for real property. Compl. ¶ 3. Plaintiffs signed a promissory note ("Note") dated June 11, 2004. *Id.*, Ex. 1, 2. The

---

[1] World Savings subsequently changed its name to Wachovia Mortgage FSB ("Wachovia"). Declaration of Roy Gissendanner ("Gissendanner Decl.") ¶ 4. Wachovia is now a division of Defendant Wells Fargo Bank ("Wells Fargo"). *Id.* Wachovia is the owner of the original Note and is the beneficiary of the DOT. *Id.* at ¶¶ 5-6.

Opinion and Order, Page 2

loan was secured by a Deed of Trust ("DOT") dated June 11, 2004. *Id.*

Plaintiffs allege that World Savings engaged in the deceptive practice of selling them a loan based upon a low, fixed interest rate when in fact the loan had a variable rate feature with payment caps. Compl. ¶ 14. Although the loan had a low fixed initial payment amount, that amount was "wholly unrelated" to the interest rate shown on the Note and the TILA Disclosure Statement ("TILDS"), since the payment amounts listed in the TILDS were insufficient to pay the actual interest being charged. *Id.* at ¶ 27. Plaintiffs allege further that World Savings failed to inform them that the loan "was designed to, and did, cause negative amortization to occur." *Id*. ¶ 14. Rather, Plaintiffs allege, during the loan application process, World Savings "represented to Plaintiff[s] that in accepting the loan terms set forth in the Note," Plaintiffs "would be able to lower their mortgage payments and save money." *Id.* at ¶ 18. Plaintiffs allege that they reasonably believed, "based on the representation contained in the documents Defendant provided to Plaintiff," that Plaintiffs would be able to refinance and get a new loan "before their scheduled payments significantly increased." *Id.* at ¶ 20.

Plaintiffs defaulted on their loan payments beginning March 15, 2011. The DOT Trustee recorded a Notice of Default and Election to Sell on June 23, 2011. Plaintiffs filed this action on October 25, 2011.

## II. STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged

under a cognizable legal theory." *Id. See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief). In deciding a motion under Rule 12(b)(6), the court applies two working principles: first, the court accepts as true all factual allegations in the complaint. Second, the factual allegations must be sufficient to raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949-50 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown*, 640 F.3d 1063, 1070 (9th Cir. 2011)(court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them).

A party is entitled to summary judgment if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). On a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and must draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.,* 251 F.3d 1252, 1257 (9th Cir. 2001). The court may not make credibility determinations, weigh the evidence, or draw inferences from the facts. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000); *Davis v. Team Elec. Co.,* 520 F.3d 1080, 1088 (9th Cir. 2008) (on summary judgment, court does not weigh the evidence or determine whether the plaintiff's allegations are true). Summary judgment is not appropriate if a reasonable jury viewing the summary judgment record could find by a preponderance of the evidence that the plaintiff is entitled to a verdict in his or her favor. *Davis,* 520 F.3d at 1089, *citing Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018,1027-28 (9th Cir. 2006).

## III.    DISCUSSION

Opinion and Order, Page 4

### A. Federal Preemption of State Law Claims

Wells Fargo asserts that Plaintiffs' state law claims are preempted by HOLA because the loan contract at issue here was entered into before July 21, 2010. HOLA was enacted in 1933, during the Great Depression. HOLA and its implementing regulations were "a radical and comprehensive response to the inadequacies of the existing state system, and so pervasive as to leave no room for state regulatory control. . . . Because there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable." *Silvas v. E*Trade Mortg. Corp.,* 514 F.3d 1001, 1004 (9th Cir. 2008), *quoted in Copeland-Turner v. Wells Fargo Bank,* 800 F. Supp.2d 1132, 1135-36 (D. Or. 2011).

On July 21, 2010, Congress passed the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank"). Dodd-Frank amended 12 U.S.C. § 1465(b) of HOLA to provide that "[n]otwithstanding the authorities granted under sections 1463 and 1464 of this title, this chapter does not occupy the field in any area of State law." Pub. L. No. 111-203, Title X § 1046(a). In addition, Dodd-Frank created a new statutory section, 12 U.S.C. § 5136C, that prescribes a specific preemption analysis, set out in *Barnett Bank of Marion County, N.A. v. Nelson,* 517 U.S. 25 (1996), for preemption of state consumer financial laws. *Id.* at § 1044. Because, however, the Dodd-Frank amendment does not apply to contracts entered into before Dodd-Frank's enactment, *id.* at § 1043, the court applies the field preemption analysis applicable to contracts executed before July 21, 2010, as set out in *Silvas* and related cases. *See Copeland-Turner,* 800 F. Supp.2d at 1137-38.

Pursuant to HOLA, the Office of Thrift Supervision ("OTS")[2] has "broad authority to issue regulations governing thrifts," *Silvas,* 514 F.3d at 1005, 12 U.S.C. § 1464. Pursuant to this authority, OTS promulgated a preemption regulation, 12 C.F.R. § 560.2:

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section. . . .

12 C.F.R. § 560.2(a). Section 560.2(b) lists specific types of state laws that are preempted. *Silvas,* 514 F.3d at 1005. The list in § 560.2(b) includes all state laws relating to the terms of credit, § 560.2(b)(4); disclosures and advertising, § 560.2(b)(9); "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages," § 560.2(b)(10); and disbursements and repayments, § 560.2(b)(11). State laws of certain types, including contract and commercial law and tort law, are not preempted, but only "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c).

Although Plaintiffs have designated their state law claims as breach of contract and fraud, the claims are nonetheless preempted under both subsection (b) and subsection (c). The theories that underlie the claims are encompassed by §§ 560.2(b)(4), (9), (10), and (11). Under § 560.2(c), the state laws of contract and fraud, as applied to Plaintiffs' allegations, would nonetheless regulate the lending activity contemplated by § 560.2 (b). *See, e.g., Thomas v.*

---

[2] Dodd-Frank transferred the powers of the OTS to the Office of the Comptroller of the Currency.

*OneWest Bank, FSB,* 2011 WL 867880 *5 (D. Or. Mar. 9, 2011) (fraud claim preempted under *Silvas* analysis because it required court to "look into the manner in which a federal bank marketed and processed a refinancing, which directly relates to the lending practices of federal banks."); *Curcio v. Wachovia Mortg. Corp.,* 2009 WL 3320499 (S.D. Cal. Oct. 14, 2009) (HOLA preempted state law mortgage-related tort, contract, and other claims that asserted defendant failed to provide proper TILA loan disclosures and that loan documents failed to clearly and conspicuously disclose that timely payments would result in negative amortization) (cited in *Copeland-Turner,* 800 F. Supp.2d at 1138-39); *Poco v. Wachovia Mortg. Corp.,* 2011 WL 2633298 * 5 (N.D. Cal. July 5, 2011)(state law claims based on failure to provide TILA loan disclosures and representations that Plaintiffs' home value would rise and Plaintiffs would be able to refinance preempted); *Davis v. World Savings Bank, FSB,* 806 F. Supp.2d 159, (D.D.C. Aug. 29, 2011) (breach of contract claim preempted because allegations that lender failed to provide sufficient disclosures about nature of loan, risk of negative amortization, and fact that minimum payment did not cover full amount of interest due or full cost of loan were "expressly enumerated in 560.2(b)."); *Stolz v. Onewest Bank,* 2012 WL 135424 *10 (D. Or. Jan. 13, 2012) (case law seems to focus on the theory underlying the claims at issue, rather than what the claim may conveniently be titled), *citing Andrade v. Wachovia Mortg., FSB,* 2009 WL 1111182 *3 (S.D. Cal. Apr. 21, 2009) (although plaintiff sought relief under state tort, contract, and real property laws, claims preempted because state laws as applied would regulate lending activity) and *Watkins v. Wells Fargo Home Mortg.,* 631 F. Supp.2d 776, 782 (S.D.W.Va. 2008) ("Whatever the claim, a court must look at the underlying allegations proffered in support of the claim and ask on which side of the [HOLA preemption] ledger they fall.") The court concludes

Opinion and Order, Page 7

that Plaintiffs' state law claims are preempted by HOLA.

The court also finds persuasive Wells Fargo's arguments that Plaintiffs' breach of contract, fraudulent omissions, and UTPA claims are all untimely, and its argument that the UTPA did not, before 2010, apply to loan transactions, but concludes that it is unnecessary to reach these arguments in view of their preemption by federal law.

**B.     Timeliness of TILA claim**

Claims for damages under TILA have a one-year limitations period. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.,* 331 F.3d 1028, 1030, *as amended,* 342 F.3d 899, 902 (9th Cir. 2003); *Fisher v. Bank of Am. Home Loans,* 2010 WL 4296609 *3 (D. Or. Oct. 21, 2010). In general, the one-year statute of limitations begins to run on the date of the loan was executed. *See, e.g., King v. California,* 784 F.2d 910, 914 (9th Cir. 1986) (TILA limitations period commences from the "date of the consummation of the transaction."); *Hallas v. Ameriquest Mortg. Co.,* 406 F. Supp.2d 1176, 1183 (D. Or. 2005)(same). When a plaintiff fails to allege facts demonstrating that he or she could not have discovered the purported TILA violation with reasonable diligence, equitable tolling does not apply. *Meyer,* 342 F.3d at 902.

TILA gives a borrower the right to rescind a loan within three days of the transaction, if the lender has given the borrower the disclosures required by TILA and two copies of the notice of the right to rescind. 15 U.S.C. § 1635(a); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 701 (9th Cir. 1986). The right to rescind may be extended to three years if the lender fails to give the borrower the required disclosures. 15 U.S.C. §§ 1635(a), (f). The three year limitations period cannot be enlarged by equitable tolling. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412-13 (1998)(right of rescission completely extinguished at end of the three year period

under TILA, even if lender never made required disclosures); *Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002) (Section 1635 (f) is a statute of repose); *Smith v. U.S. Bank, N.A.* 2011 WL 2470100 *11 (D. Or. Apr. 22, 2011). The loan was executed in June 2004, and this action was filed in October 2011. The court concludes that Plaintiffs' TILA claim, whether for damages or rescission, is untimely.

## IV.   CONCLUSION

Wells Fargo's Motion to Dismiss and/or for Summary Judgment (doc. # 10) is GRANTED. Plaintiffs' claims against Defendant Wells Fargo are dismissed with prejudice.

IT IS SO ORDERED.

Dated this 8th day of March, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge